IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:22-00104

ARICA L. ANDERSON

MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to reduce her sentence based upon a reduction in the applicable sentencing guideline.  See ECF No. 62.  On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the

term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Anderson argues that she qualifies as a Zero-Point Offender and asks that her sentence be reduced.  However, Anderson has been released from custody and, therefore, her motion is **DENIED** as moot.

In any event, Anderson was not eligible for a sentence reduction pursuant to Amendment 821.  United States Sentencing Guideline § 4C1.1 provides for a two-level reduction in the offense level for "Certain Zero-Point Offenders."  To qualify for the reduction, a defendant must satisfy all of the following criteria:

(1)  the defendant did not receive any criminal history points from Chapter Four, Part A;

(2)  the defendant did not receive an adjustment under §3A1.1 (Terrorism);

(3)  the defendant did not use violence or credible threats of violence in connection with the offense;

(4)  the offense did not result in death or serious bodily injury;

2

(5)   the instant offense of conviction is not a sex offense;

(6)   the defendant did not personally cause substantial financial hardship;

(7)   the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8)   the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9)   the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10)  the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

The United States Probation Office reviewed Anderson's file to see if she was eligible for a sentence reduction and, by a Retroactive Sentencing Addendum dated February 9, 2024, determined that she was not.  See ECF No. 63 (SEALED). According to the Probation Office, Anderson could not satisfy the first factor because she had one criminal history point at sentencing.  Therefore, she was not a "zero-point" offender. Having reviewed the record in this case, the court agrees with the Probation Office that Anderson was ineligible for a sentence reduction as a Zero-Point Offender.  She cannot satisfy all the criteria outlined in §3B1.1. because, as discussed above, she

3

received one criminal history point.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, and the United States Probation Office.

**IT IS SO ORDERED** this 13th day of April, 2026.

ENTER:

David A. Faber
Senior United States District Judge